# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2506

_____

Terrence M. Baker,        *
       *
       Appellant,        *        Appeal from the United States
       *        District Court for the
       v.        *        District of South Dakota.
       *
Science Applications International        *
Corporation,        *        [UNPUBLISHED]
       *
       Appellee.

_____

Submitted: March 13, 2008
Filed: April 15, 2008

_____

Before RILEY, GRUENDER and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In a letter dated October 7, 2002, Science Applications International Corporation ("SAIC") made an offer of employment to Terrence Baker. Baker received various documents from SAIC with the offer letter, including a Mutual Agreement to Arbitrate Claims ("Arbitration Agreement") from SAIC. By signing the Arbitration Agreement, Baker agreed to arbitrate "claims for discrimination" and "claims for violation of any federal . . . law, statute, regulation or ordinance" against

SAIC. Baker signed the Arbitration Agreement on October 30, 2002, and began his employment soon after.

In 2005, SAIC terminated Baker's employment, and Baker subsequently filed a lawsuit against SAIC under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq., the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq., and the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2611 et seq. SAIC sought an order compelling arbitration based on the Arbitration Agreement. Baker argued the Arbitration Agreement was an unenforceable contract of adhesion.

The district court[1] held that the parties formed a valid contract to arbitrate and that the contract was enforceable. As a result, the court entered an order compelling arbitration and granted a stay pending arbitration. Baker appeals, arguing that the district court erred in finding that the contract was not a contract of adhesion and in entering the order compelling arbitration and granting the stay pending arbitration. He particularly argues that the district court erred by not applying the rationale of the South Dakota Supreme Court in *Rozeboom v. Northwestern Bell Telephone Co.*, 358 N.W.2d 241 (S.D. 1984), to the Arbitration Agreement. The district court concluded that *Rozeboom* was not analogous, primarily because it involved a limitation of liability clause, not an agreement to arbitrate.

In *Rozeboom*, the South Dakota Supreme Court noted various "crucial" facts that led to the conclusion that the contract at issue was an unenforceable contract of adhesion, including the facts that the case involved an individual versus a monopoly, that the bargaining power was unequal and that an economic disparity between the two parties existed. *Id*. at 245. The court also explained, however, that it did "not suggest that simply because this contract is standardized and preprinted, ipso facto,

_____

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

it is unenforceable as a contract of adhesion. Rather, we hold that the terms of *this specific standardized contract* are unreasonable, oppressive and therefore unconscionable." *Id.* (emphasis added).

Here, there is no indication that Baker could only be employed by SAIC. Baker sought employment from SAIC, but there is no reason to believe that he could not have also sought employment elsewhere or that he could only have worked for SAIC. In fact, according to his resume, Baker has an MBA and twenty years of experience working in the field of software design and programming. Further, he had the Arbitration Agreement for twenty-three days before signing it, during which time he could have consulted an attorney to discuss the terms of the Arbitration Agreement, attempted to negotiate the terms of the Arbitration Agreement or sought employment elsewhere. As *Rozeboom* explained, not every standardized and preprinted contract is unenforceable as a contract of adhesion. We do not find the terms of the Arbitration Agreement to be unreasonable or oppressive, and, therefore, under *Rozeboom,* we find the Arbitration Agreement not to be an unconscionable contract of adhesion and to be enforceable.

We agree with the district court's thorough and well-reasoned opinion in this matter. Accordingly, we affirm the judgment. *See* 8th Cir. R. 47B.

_____